*CHANGES MADE BY THE COURT*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE DUMAS, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RITE AID CORPORATION, dba Thrifty Payless, Inc., a California corporation, and TRAVELERS, an unknown entity,<br><br>　　　　　　Defendants. | CASE NO.: 2:13-cv-00213-JFW-VBK<br><br>JUDGE JOHN F. WALTER<br><br>MAGISTRATE JUDGE:<br>VICTOR B. KENTON<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] QUALIFIED PROTECTIVE ORDER RE: PLAINTIFF'S MEDICAL RECORDS<br><br>Complaint Filed: November 15, 2012 |

144447

**IT IS HEREBY ORDERED THAT** plaintiff Luke Dumas ("Plaintiff") and defendant Rite Aid Corporation ("Defendant") are subject to the following qualified protective order ("Qualified Protective Order") to protect Plaintiff's private medical records:

### "Confidential Information"

1. Certain documents received from Plaintiff's healthcare providers pursuant to subpoenas served by Defendant may contain private information regarding Plaintiff's medical condition. Therefore, for the purpose of this Qualified Protective Order, the term "Confidential Information" shall refer to documents regarding Plaintiff's medical condition disclosed by Plaintiff's healthcare providers. The following procedures shall govern the handling, examination, review and use of Confidential Information disclosed by the Plaintiff's healthcare providers during the course of pre-trial, trial, and post-trial proceedings in this action. These procedures shall survive the termination of this action.

### Designation of Confidential Information

2. Confidential Information will be designated "Confidential" and thereby made subject to the provisions of this Qualified Protective Order. All such designations shall be made immediately upon receipt of Confidential Information from Plaintiff's healthcare providers to Defendant.

3. Material or information derived from Confidential Information is also considered Confidential Information.

4. Any documents containing Confidential Information may be so designated by stamping the word "Confidential" on each page containing such

144447

1

information. Such designation or identification, and the protection afforded by the terms of this Qualified Protective Order, shall apply to the original and any copies containing any such Confidential Information with the exception of Paragraph 8 of this Qualified Protective Order. Each party shall make such designation only if there is an attendant good faith belief in doing so.

5. Upon receipt of Confidential Information, Defendant's attorney shall provide written notice to Plaintiff of the bates-numbers or number range or other sufficiently definite description of the documents to be designated "Confidential."

6. Defendant's attorneys agree to use their best efforts to designate any deposition transcripts or portions thereof ("Testimony") which contain Confidential Information as such during the deposition. During the course of a deposition, if a document containing Confidential Information is used as an exhibit, Defendant's attorneys will agree to designate that portion of the transcript in which the Confidential Information is discussed as "CONFIDENTIAL," and the court reporter shall mark the front cover of each deposition transcript as follows: "Notice: This transcript contains material covered by a qualified protective order and may only be viewed by persons authorized by that order," and this Qualified Protective Order shall be bound into the transcript as the first page appearing after the front cover or caption page. In addition the reporter shall make an appropriate notation on the transcript indicating the page and lines containing the Confidential Information.

### Limitations of Qualified Protective Order

7. The Court recognizes that Defendant and former co-defendant Travelers ("Travelers") may have obtained documents concerning Plaintiff's

1 | medical condition during the course of Plaintiff's employment with Thrifty Payless,
2 | Inc. and/or as part of Plaintiff's claim for Workers' Compensation Benefits.
3 | Nothing in this Qualified Protective Order shall affect Defendant's or Travelers'
4 | from use of those documents and information received during the course of
5 | Plaintiff's employment with Thrifty Payless, Inc., or documents or information
6 | received by Travelers as part of Plaintiff's claim for Workers' Compensation
7 | benefits. Furthermore, those documents or information shall be specifically
8 | excluded from this Qualified Protective Order.

### Persons Authorized to Receive "Confidential Information"

8.  If Defendant receives Confidential Information, it shall not, without the prior written consent of Plaintiff or the prior order of the Court, disclose that Confidential Information to any person, other than the following:

    (a)  Attorneys for the receiving party, and their employees, solely for use in connection with this action;

    (b)  Necessary employees of Defendant and/or Thrifty Payless, Inc. *(to be used only in connection to this case)*;

    (c)  Persons engaged by the receiving party's attorneys to assist counsel in this action, including experts, consultants, or investigators, whether paid or not, and their partners, associates and employees, on a need-to-know basis only, solely for use in connection with this action and provided they have complied with paragraph 9 herein;

144447

3

[PROPOSED] QUALIFIED PROTECTIVE ORDER RE: PLAINTIFF'S MEDICAL RECORDS

  (d) The Court and related officials involved in this case, including judges, commissioners, referees, jurors, and other Court personnel and its reporters.

  (e) Bona fide witnesses in this case in the course of either counsel's investigation of facts or in preparing their testimony for deposition or trial, on a need-to-know basis only, solely for use in connection with this action, and provided they have complied with paragraph of this Qualified Protective Order;

  (f) Any other persons the Court, after notice, may designate upon such terms as the Court finds proper and solely for use in connection with this action; and

  (g) Any other persons consented to in writing by the designating party, solely for use in connection with this action, and provided they have complied with paragraph 9 of this Qualified Protective Order.

### Advising Persons of this Order

9. All persons given access to Confidential Information pursuant to paragraph 10 above shall be advised, in advance and in writing, that the Confidential Information is being disclosed subject to the terms of this Qualified Protective Order, that they are required to review this Qualified Protective Order, and that they must acknowledge their agreement to be bound by the terms of this Qualified Protective Order before the person is given access to the Confidential Information. No person gaining access to, receiving or reviewing Confidential

Information shall disclose it to any other person other than those persons described in paragraph 8.

### Use of Confidential Information

10. All Confidential Information shall be deemed confidential and used by the party to whom it is disclosed only: (i) for the purposes of prosecuting or defending this action, and, if necessary, any subsequent proceeding or litigation arising out of this litigation, and shall not be used for any other purpose; (ii) in the course of Plaintiff's employment with Thrifty Payless, Inc. (such as to fulfill its obligation to engage in the interactive dialogue with Plaintiff regarding his purported disabilities and potential reasonable accommodations available to Plaintiff); and (iii) to adjudicate Plaintiff's claim for Workers' Compensation benefits.

11. Defendant's attorneys shall not, in any manner, disseminate, distribute, release, or transfer any Confidential Information, or communicate, orally or in writing, any such Confidential Information to any person other than for the purposes specified herein.

12. Except as otherwise agreed upon by counsel or Plaintiff, counsel or Plaintiff shall maintain physical custody or control over all Confidential Information produced or released to them, and shall be responsible for ensuring that such Confidential Information does not leave their custody and is not disclosed, except as otherwise provided or permitted by the terms of this Qualified Protective Order.

13. In the event additional persons or entities become parties to the Action, none of such parties, their counsel, or experts or consultants retained to

assist counsel, shall have access to Confidential Information produced by or obtained from any other producing person until said party and its counsel has executed and filed with the Court its agreement to be bound by this Qualified Protective Order.

### No Waiver of Objections

14.   This Qualified Protective Order shall not prejudice the rights of, or prevent the parties from objecting, to the production of any Discovery, objecting to the offer of any Discovery into evidence, or seeking additional protection from the Court concerning any other confidential information requested to be disclosed in this matter. This Qualified Protective Order does not prohibit the parties from seeking additional protective orders as deemed necessary to protect other confidential, proprietary and/or private financial or commercial information.

### Disposition of Materials After Litigation Completed

15.   Within thirty (30) days after completion of this litigation, all copies of documents designated as "Confidential," including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall be collected by counsel for the receiving party and placed in a room with access restricted to counsel for the receiving party and its employees or agents. Attorney work product, attorney-client material, pleadings/motions and/or supporting material containing information derived from the Confidential Information, and the Discovery itself, will be retained in counsels' files per their routine business practices and/or stored in a location with access restricted to counsel for the receiving party and its employees or agents. The terms, requirements and restrictions of this Qualified Protective Order will continue to govern the use and dissemination of all Confidential Information retained by counsel for the receiving party pursuant to this paragraph and such information

shall not be used for any purpose outside of this litigation, Plaintiff's employment with Thrifty Payless, Inc., and/or his claim for Workers' Compensation benefits; provided, however, that counsel for the receiving party may use the Confidential Information for use in any subsequent proceeding or litigation arising out of this litigation if necessary. Should the need arise for use of the Confidential Information in any subsequent proceeding or litigation arising out of this litigation, Plaintiff or counsel for the receiving party shall provide the designating party's counsel with ten (10) days' notice of the documents it intends to use and the purpose thereof. For purposes of this Qualified Protective Order, this action shall be considered "completed" upon entry of a dismissal with prejudice of the entire action or upon ten days following the entry of judgment that has become final and non-appealable, or from which all appeals have been exhausted.

### Duration of this Order

16. The provisions of this Qualified Protective Order shall survive and remain in full force and effect, and the Court shall retain jurisdiction for purposes of enforcement of this Qualified Protective Order, after the final disposition of this action.

### Changes to this Order

17. The Qualified Protective Order is subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including an opportunity for a hearing.

### Enforcement of this Order

18. The Court may enforce any provision of this order, punish any violation thereof, in accordance with its powers, including without limitation, the power to find the wrongdoer in contempt of court. No provision of this Qualified

144447

7

[PROPOSED] QUALIFIED PROTECTIVE ORDER RE: PLAINTIFF'S MEDICAL RECORDS

Protective Order shall require any person or corporation not a party to this action to respond to any discovery request, except as may otherwise be required by law. Nothing in this Qualified Protective Order shall be interpreted to compel disclosure of Discovery which is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or doctrines. No provision of this Qualified Protective Order shall be deemed to enlarge or restrict the right of any party to conduct discovery.

*Filing of confidential materials shall be in accordance with L.R. 79-5.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Date: 2/26/2013

_____
Hon. Victor B. Kenton

Submitted by:

GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
THERESA A. KADING (SB #211469)
Email: tkading@hbwllp.com
KYMBERLEIGH DAMRON-HSIAO (SB# 240508)
Email: kdamronhsiao@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant

RITE AID CORPORATION